VICTOR TALKING MACH. CO. et al. v. AMERICAN GRAPHOPHONE CO.

(Circuit Court, S. D. New York. December 20, 1905.)

PATENTS—DECREE SUSTAINING VALIDITY—RESTRAINING PARTY FROM USING
DECISION TO OBTAIN TRADE ADVANTAGE.

It is doubtful whether a court has power to compel a party to a decree sustaining a patent to recall circulars sent out to customers stating the holding of the court, or to further advise the recipients of the circulars that the decree has been appealed from and superseded by the adverse party, where the decision of the court does not appear to have been willfully perverted.

Horace Pettit, of counsel, for complainants.

Elisha K. Camp (Philip Mauro and C. A. L. Massie, of counsel), for defendant.

HAZEL, District Judge. This is an application to require the complainant by compulsory order to correct certain alleged misrepresentations respecting the decision of the court in the above-entitled action, holding the patent infringed. The asserted misrepresentations are claimed to have been contained in a previously mailed circular letter addressed by complainant to various persons, and it is also urged that the court require the complainant to notify the persons receiving such original circular letter that the relief under the decree since filing same has been stayed. Complainant has read opposing affidavits averring its absolute good faith, and disclaiming any intention to injure the defendant in its business. Since the supersedeas has been allowed, the complainant has mailed to persons to whom the original circular had been sent a notice that the defendant is licensee under the patent in suit. The asserted good faith of the complainant is not entirely beyond question. That the complainant attempted to obtain a trade advantage over its competitors is probable, and its motives apparently were based on the theory that it was good business policy to quickly advise the trade that it had succeeded in establishing the validity of the patent in controversy. This is shown by its omission to state in the circular that the defendant had the legal right to sell the records, and by its precipitancy in publishing or advertising the decision of the court. The objectionable circular was mailed on October 26, 1905, after a motion for supersedeas had been noticed by the defendant for hearing on the succeeding day. That the complainant's officers were aware of such pending motion may therefore be presumed. The circular may not have been false or fraudulent, and counsel's interpretation of the opinion may not be inaccurate; but knowing that the case would be reviewed on appeal, and that a stay in all probability would be allowed, a proper consideration for the court should have suggested waiting until the appeal, or, at least, the motion for stay, had been decided before publishing any claimed advantages over competitors in business. It is doubtful, however, whether the court, under the circumstances and in the absence of a perversion of the decision, has jurisdiction to compel the complainant to recall its original circulars or give the relief sought, and accordingly the application is denied.